UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT HATCHER, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:12-cv-1486-JMS-DKL |
| | ) |
| DR. ROHANA, KATHY S. EDRINGTON, and | ) |
| DR. NAVEEN RAJOLI, | ) |
| | ) |
| Defendants. | ) |

# E N T R Y

Federal law provides that "[a]ny . . . judge . . . shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard in any case for a ' 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer.@ *Id.* In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated that ' 455(a) Aasks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry.@ The purpose of the statute "is to preserve the appearance of impartiality." *United States v. Johnson*, 680 F.3d 966, 979 (7th Cir.), *cert. denied*, 133 S. Ct. 672 (2012).

Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal. *See Liteky v. United States,* 510 U.S. 540 (1994). In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Id.* at 554; *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.*, 21 F.3d 157, 158-59 (7th Cir. 1994). Thus, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is

apparent, the motion should be denied." S*prinpangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1329 (S.D.Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)).

The plaintiff seeks the recusal of the undersigned and the assigned Magistrate Judge because he disagrees with one or more rulings in this action. The plaintiff's dissatisfaction with prior rulings by the undersigned is not evidence of bias, nor is it otherwise a valid basis for a change of judge. There is therefore no legitimate basis for the plaintiff to seek the disqualification of the judicial officers assigned to this action. The motion to disqualify thus fails under ' 455(a)(1) because the circumstances reviewed above do not demonstrate an objectively reasonable basis for questioning the impartiality of these judicial officers. In addition, no circumstances associated with this action warrant the disqualification of the undersigned judge under any provision of ' 455(b).

Based on the foregoing, therefore, the plaintiff's motions to disqualify [dkt. 48 and dkt 49] are each **denied.** His suggestion that these motions must be heard by a different judicial officer [dkt. 49] is rejected because there is no such requirement in rule or statute.

**IT IS SO ORDERED.**

Date: 1/29/2014

Distribution:

Robert Hatcher
3908 N. Rookwood Ave.
Indianapolis, IN 46208

All Electronically Registered Counsel

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana